EMANUEL M. OSTROW, Appellant, v. JUSTINA TILA, Committee of the Estate of JOSEPH (JOZAPAS) TILA, an Alleged Incompetent Person, Respondent.— Order confirming report of an official referee declaring a written retainer agreement to be invalid and fixing *quantum meruit* of a lawyer's services as $1,071.34, the amount paid to the lawyer under the contingent agreement prior to the commitment of one Tila as an incompetent. Order modified by striking out the first ordering paragraph and in place thereof inserting a provision that the report of the official referee be disapproved and that the application of the petitioner Ostrow be granted to the extent of requiring the committee to make the payments due to the lawyer under the contingent agreement of May 8, 1935; and further modified by striking from the second ordering paragraph the words " the sum of One Hundred and Fifty ($150.00) Dollars per month " and in place thereof inserting a provision that the committee be allowed for the support and maintenance of herself and children and the incompetent the balance of the monthly·payments received from the insurance companies remaining after the payments to the petitioner Ostrow hereinbefore provided for without prejudice to payments theretofore made. As thus modified, the order is affirmed, without costs. There is no proof that Joseph Tila was lacking in mental capacity at the time the contingent agreement was made. On the contrary, the only proof in this record is that he had such capacity. This agreement was a fair and reasonable one under all the circumstances. The lawyer is entitled to a *quantum meruit* fixation of the value of his services but payment of a lump sum is not possible as the incompetent's estate is only in funds as a consequence of installment payments under certain insurance policies. As the attorney sought an order for installment payments of his fee, he may be said to have acquiesced in payment of the fee in this manner, despite the right otherwise possessed by him because of discharge without fault to have a lump sum payment. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur. Settle order on notice.